The CITY OF NEW YORK, Plaintiff,

v.

BOB MOATES' SPORT SHOP, INC.; Coastal Tile & Roofing Company, Inc. d/b/a Coastal Pawn Shop; John Coscia d/b/a John's Gun & Tackle Room; Franklin Rod & Gun Shop, Inc.; Gwinnett Pawn Shop, Inc.; Hot Shots, Inc. d/b/a Hot Shots Jewelry & Pawn; Miller Rod & Gun, Inc.; RJS Enterprises, Inc. d/b/a Dick's Pawn Shop North; Jerry Dale Rooks d/b/a Rooks Sales & Service; TCE of Virginia, Inc. d/b/a Town & Country Pawn Shop; Toccoa Pawn & Variety, Incorporated; Trader World, Inc., Defendants.

No. 06–CV–6504.

United States District Court, E.D. New York.

June 2, 2008.

**134**

Michael Cardozo, Corporation Counsel for the City of New York by Ari Biernoff, New York City, for Plaintiff City of New York.

Law Offices of Richard E. Gardiner by Richard E. Gardiner, Fairfax, VA, for Defendant Bob Moates' Sport Shop, Inc.

United States Attorneys Office for the Eastern District of New York by Elliot M. Schachner, Brooklyn, NY, for Bureau of Alcohol, Tobacco, Firearms and Explosives.

## MEMORANDUM & ORDER

JACK B. WEINSTEIN, Senior District Judge:

### I. Introduction

Defendant Bob Moates' Sport Shop, Inc. ("Moates") appeals from the magistrate judge's order requiring it to produce "ATF Forms 4473" for guns recovered in New York City and either traced by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to Moates, or whose serial numbers matched the serial numbers of guns sold by Moates. Federal law requiring dealers of firearms to maintain these forms does not restrict the dealer's disclosure of the forms in civil litigation. Moates' appeal is dismissed.

### II. Factual Background

The background of this action has been addressed in memoranda and orders denying defendants' motions to dismiss for lack of subject matter and of personal jurisdiction. *See City of New York v. Bob Moates' Sport Shop, Inc.,* No. 06–CV–6504, 2007 WL 906753, 2007 U.S. Dist. LEXIS 21085 (E.D.N.Y. Mar. 23, 2007) (subject matter jurisdiction); *City of New York v. Bob Moates' Sport Shop, Inc.,* No. 06–CV–6504, 2008 WL 427964, 2008 U.S. Dist. LEXIS 11699 (E.D.N.Y. Feb. 15, 2008) (personal jurisdiction).

ATF Forms 4473 are records of firearms sales which federal law requires to be kept by firearms dealers. *See* 27 C.F.R. § 478.124(c) (establishing Form 4473). The City asked Moates to produce copies of "ATF Forms 4473" in its own files for guns recovered in New York City and either traced by the ATF to Moates or whose serial numbers matched those of guns sold by Moates. Moates refused, contending that ATF Forms 4473 are barred from production in a civil proceeding by 18 U.S.C. § 923(g)(1)(A)—(D), and by the privacy rights of Moates' customers. *See* Moates' Letter dated Mar. 27, 2008, Docket Entry No. 145.

In a comprehensive and persuasive memorandum explaining the decision, the magistrate judge ordered Moates to produce rele-

vant ATF Forms 4473 in its possession. *See* Order, *City of New York v. Bob Moates' Sport Shop, Inc.*, No. 06–CV–6504 (E.D.N.Y. Apr. 11, 2008), Docket Entry No. 147. Moates appealed. *See* Moates' Appeal dated Apr. 23, 2008, Docket Entry No. 149. A hearing was conducted on May 21, 2008.

ATF was invited to file an amicus brief explaining its position. By its letter dated May 27, 2008, ATF pointed out that federal firearms law does not bar a federal firearms licensee from disclosing copies of its Forms 4473 in civil litigation:

> [N]othing in [federal firearms law] prohibits an [federal firearms licensee ("FFL")] from responding to discovery requests concerning the Forms 4473 during the course of a civil action, so long as the FFL continues to maintain the Forms 4473. For example, an FFL, in response to a request for production, may produce copies of the Forms 4473 maintained by the FFL and retain the original Forms 4473, without violating [federal firearms law].

ATF Letter dated May 27, 2008, Docket Entry No. 158.

### III. Discussion

#### A. *Standard of Review*

■■■ When considering an appeal of a magistrate judge's ruling on a non-dispositive matter, a district court "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir.2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

#### B. *Disclosure of ATF Forms 4473 in Civil Litigation*

■■■ Section 923(g)(1)(A) of title 18 of the United States Code requires federal firearms licensees to maintain such records of sales or other transfers of firearms as the Attorney General may require. *See* 18 U.S.C. § 923(g)(1)(A) ("Each ... licensed dealer shall maintain such records of ... sale ... of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe."). Federal firearms licensees must maintain a completed ATF Form 4473 for each sale and most other types of transfers of firearms. *See* 27 C.F.R. § 478.124.

The federal government may inspect and seize copies of Forms 4473 and other records that federal firearms licensees are required to maintain. *See* 18 U.S.C. § 923(g)(1)(A)—(D). Section 923(g)(1)(D) authorizes seizure of records constituting relevant evidence of a "violation of law" for use by law enforcement officials at every level of government:

> The inspection and examination authorized by this paragraph shall not be construed as authorizing the Attorney General to seize any records or other documents other than those records or documents constituting material evidence of a violation of law. If the Attorney General seizes such records or documents, copies shall be provided the licensee within a reasonable time. *The Attorney General may make available to any Federal, State, or local law enforcement agency any information which he may obtain* by reason of this chapter with respect to the identification of persons prohibited from purchasing or receiving firearms or ammunition who have purchased or received firearms or ammunition, together with a description of such firearms or ammunition, and he may provide information to the extent such information may be contained in the records required to be maintained by this chapter, when so requested by any Federal, State, or local law enforcement agency.

18 U.S.C. § 923(g)(1)(D) (emphasis added).

Moates interprets section 923(g)(1) to mean that the forms are the property of the Untied States and that the statute sets forth the sole mechanism by which the forms may be made available to anyone. Contrary to defendant's position, section 923 only sets

forth a procedure under which firearms dealers are required to obtain licenses and maintain records, and in certain instances, to provide these records to the federal government. Nothing in the statute touches upon the ownership of these records or impropriety of disclosing these records in a civil case where discovery will be under the supervision of a court. The possessor of the records may apply to the court for protection against abuse of process. *See* Fed.R.Civ.P. 26(c).

■ The privacy concerns of the individuals whose information appears on the Forms 4473 are not violated by appropriate disclosure in a civil suit. The guns in question were recovered by the New York City Police Department in connection with criminal investigations. Those who purchase guns which subsequently may be involved in a crime do not have a right to conceal tracing records. The limited privacy rights of even a legal purchaser of such guns must yield to the demands of law enforcement, whether civil or criminal. *See Johnson v. Bryco Arms,* 224 F.R.D. 536, 542 (E.D.N.Y.2004) ("[An] equilibrium can be achieved by holding that legal purchasers of untraced guns do not yield their right to privacy, but that those who purchased guns that may have been involved in a crime do.").

Moates can confirm whether specific guns for which the City requests Forms 4473 have been recovered by reviewing the serial numbers of the traced guns in the trace data produced by the City. For guns recovered by law enforcement, the strong interest in knowing who purchased these guns overrides the considerations of the purchaser's personal privacy. *Id.* This policy protects lawful purchasers of guns generally since relatively few guns sold are ever traced.

## IV. Conclusion

The appeal is dismissed.

SO ORDERED.